UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TOMMY HUBBARD, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 2:09-CV-233 |
| ELECTRONIC ARTS, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Intervenor Phillip Cribb's ("Cribb"or "intervenor"), "Motion to Intervene, and Motion to Transfer or in the Alternative, Stay Action," [Doc. 26]. Cribb seeks to intervene in the action for the purpose of transferring this case to the United States District Court for the Northern District of California where *Pecover v. Electronic Arts, Inc.*, is pending. Alternatively, Cribb seeks to stay this action pending the outcome of that case. For the reasons that follow, the motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

On June 5, 2008, the plaintiffs in *Pecover* filed their original complaint. It alleged generally "that [Electronics Arts] foreclosed competition in a market for interactive football software by acquiring, in separate agreements, exclusive rights to publish video games using the trademarks and other intellectual property of 'the only viable sports football associations and leagues in the United States.'" 633 F.Supp.2d 976, 978 (N.D. Cal. 2009). The plaintiffs alleged specifically: "(1) violation of section 2 of the Sherman Act, 15 U.S.C. § 2; (2) violation of California's Cartwright Act,

Cal. Bus. & Prof. Code § 16700 et seq.; (3) violation of California's Unfair Competition Act, Cal. Bus. & Prof. Code § 17200 et seq.; (4) unjust enrichment; and, in the event that the court does not apply California law on a nationwide basis, (5) violation of various other state antitrust and restraint of trade laws; and (6) violation of various state consumer protection and unfair competition laws." *Id*. at 978-79. On June 5, 2009, the District Court for the Northern District of California dismissed all state law claims, except California and the District of Columbia, for lack of standing. *Id*. at 984-85. This included the State of Tennessee. *Id*.

Then, on September 4, 2009, Tommy Hubbard ("Hubbard" or "plaintiff") filed this instant case in the Circuit Court for Washington County, and it was removed to this Court. He sued individually and on behalf of all others similarly situated. The counts charged include Count One, an alleged violation of the Tennessee Trade Practices Act, and Count Two, an unjust enrichment allegation. In sum, the plaintiff claims, "Through unlawful and competitive agreements with the co-conspirators National Football League, the NFL Players Union, Arena Football League and the National Collegiate Athletic Association ("NCAA"), Electronic Arts, Inc. has driven its competition out of the market for interactive football software . . . and has prevented additional competitors from entering the market. As a direct result of these anticompetitive agreements, the price of interactive football software has soared . . . ."

Subsequently, on November 9, 2009, the *Pecover* plaintiffs filed a Motion to Certify the Class, arguing that the District Court for the Northern District of California should certify a nationwide class and apply California law. Alternatively, they argued that twenty state subclasses should be certified, if the Court declined to apply California law nationwide. In so doing, those

-2-

Case 2:09-cv-00233-JRG-DHI   Document 51   Filed 08/05/11   Page 2 of 9   PageID #: 997

plaintiffs alluded to having a Tennessee resident to represent the Tennessee subclass. EA responded that the plaintiffs did not amend their pleading and add these proposed state subclass representatives. Then, on April 1, 2010, the plaintiffs moved to amend their complaint, and they sought to add such representatives, including Cribb as the Tennessee subclass representative.

On December 21, 2010, the District Court for Northern District of California granted plaintiffs' request to certify a nationwide class and apply California law and denied the motion to amend the complaint as moot. Accordingly, Cribb was not allowed to become a representative of a Tennessee subclass, for the subclasses were not certified.

## II. ANALYSIS

Cribb seeks to intervene in the instant action for the purpose of transferring this case to the Northern District of California. Alternatively, Cribb seeks to stay this action pending the outcome of *Pecover*. Cribb argues that he should be permitted to intervene as a matter of right. He also argues that permissive intervention is warranted. This Court will take each issue in turn.

Federal Rule of Civil Procedure 24 states:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

(1) In General. On timely motion, the court may permit anyone to intervene who:

-3-

>>(A) is given a conditional right to intervene by a federal statute; or
>
>>(B) has a claim or defense that shares with the main action a common question of law or fact.
>
>. . .
>
>>(3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

A movant must satisfy four requirements before he will be allowed to intervene as of right:

>1. The request to intervene must be timely;
>
>2. The movant must have a substantial legal interest in the case;
>
>3. The movant's ability to protect that interest would be impaired in the absence of intervention; and
>
>4. The movant's interest is not adequately represented by parties already before the court.

*See Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (citation omitted). "Rule 24 should be broadly construed in favor of potential intervenors." *Id*. at 472 (citation and quotation omitted).

In determining whether a motion to intervene is timely, the court considers:

>1. The point to which the suit has progressed;
>
>2. The purpose for which intervention is sought;
>
>3. The length of time preceding the application during which the

-4-

Case 2:09-cv-00233-JRG-DHI Document 51 Filed 08/05/11 Page 4 of 9 PageID #: 999

proposed intervenor knew or should have known of her interest in the case;

4. The prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after she knew or reasonably should have known of her interest in the case; and

5. The existence of unusual circumstances militating against or in favor of intervention.

*Id.* at 473.

Here, the factors for timeliness have been met. First, the case has not progressed far. Even though the motion to intervene was filed several months after the complaint, the action remains in the initial stages. *Mich. State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). This Court just recently decided the motion to remand. No motion to dismiss has been filed, no motion to certify the class has been filed, and no discovery has taken place. Actually, no answer to the complaint has even been filed. Second, Cribb "seeks to intervene to protect the interests of absent Tennessee class members against arguments which unduly limit their damages in this case." Hubbard sought to limit damages in this case, and Cribb argues that damages are much higher. Furthermore, Cribb argues that he also seeks to intervene to promote judicial efficiency. These factors weigh in Cribb's favor. Third, Cribb claims he was unaware until of this action until "recently," or shortly before he filed his motion.[1] The plaintiff offers no evidence to dispute this, for the action, according to Cribb, was not disclosed in the *Pecover* action despite a local rule requiring such disclosure. Fourth, this Court

---

[1] He claims he learned of this pending action on September 13, 2010, and he filed his motion on October 27, 2010.

considers prejudice to the original parties. This Court acknowledges that some prejudice might exist if Cribb is allowed to transfer the action. However, the original parties would not be prejudiced if he is allowed to intervene to participate in the suit. At this point, the latter is the relevant question, and the former will be addressed below. On the whole, the motion for intervention was timely.

Now, this Court must analyze whether Cribb has a substantial legal interest in the subject matter of the pending litigation. Each side's arguments on this point is largely moot because they revolve around whether a nationwide class or subclasses will be certified in the *Pecover* action. As stated above, a nationwide class was certified, and California law will be applied. Thus, the alternative certification of subclasses was deemed moot. Therefore, this Court will rely on other factors in determining whether Cribb has a substantial interest in this litigation. Cribb is apparently a Tennessee resident who purchased EA's product. Thus, his interests are essentially the same as Hubbard's. This Court has no doubt that Hubbard would consider his own interests substantial. The two's interests being the same, it is difficult to argue then that Cribb's would not be significant.

The next factor in the analysis is that Cribb's ability to protect his interest must be impaired. In this case, this factor closely relates to the fourth factor and they will be discussed in tandem. The fourth factor is that the present parties do not adequately represent Cribb's interest. As stated earlier, Hubbard has attempted to limit the damages recoverable to avoid federal jurisdiction. This Court recently decided that it has subject matter jurisdiction and denied the motion to remand because the defendant had shown that it is more likely than not that the amount in controversy requirement was met. Thus, it appears that the two have very different views as to the amount of damages suffered. As such, Cribb's interests in the amount of damages would be impaired and not adequately represented by Hubbard.

Considering all of the above factors, which weigh in favor of Cribb, this Court FINDS that Cribb can intervene as of right. His motion is **GRANTED** in that regard.

Even assuming *arguendo* that Cribb could not intervene as of right, this Court FINDS that permissive intervention is appropriate here. It is undisputed that the complaints in *Pecover* and *Hubbard* are substantially similar. Hubbard does not dispute that the actions involve common questions of law and fact. Further, it is undisputed that Cribb is a Tennessee resident who purchased an EA product subject to the *Hubbard* complaint. In this Court's discretion, it determines that permissive intervention is also appropriate.

The harder question is whether to transfer or stay this action now that intervention is deemed appropriate.[2] Cribb relies on the first-to-file rule in arguing that this case should be transferred to the United States District Court for the Northern District of California. The first-to-file "rule is a doctrine of federal comity that promotes judicial efficiency." *Thomas & Betts Corp. v. Hayes*, 222 F.Supp.2d 994, 996 (W.D. Tenn. 2002). The rule provides that "when duplicative lawsuits are pending in separate federal courts . . . 'the entire action should be decided by the court in which an action was first filed.'" *Id.* at 995 (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)). Duplicative lawsuits are suits where issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Smith*, 129 F.3d at 361. "In determining whether actions are duplicative and the first-to-file rule applies, courts consider three factors: (1) the chronology of the actions; (2) the similarity of the parties involved;

---

[2]This Court notes that the United States Judicial Panel on Multidistrict Litigation denied centralization of actions against EA brought by former and current student athletes. One such case that was included in that request was this Court's case number 2:09-CV-233. This Court has found no record where centralization was sought for actions similar to the present case.

-7-

Case 2:09-cv-00233-JRG-DHI   Document 51   Filed 08/05/11   Page 7 of 9   PageID #: 1002

and (3) the similarity of the issues at stake." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp.2d 686, 689 (E.D. Tenn. 2005).

This Court will not apply the rule too rigidly or mechanically. *Plating Res. Inc. V. UTI Corp.*, 47 F.Supp.2d 899, 903 (N.D. Ohio 1999). In fact, whether to apply the rule is discretionary. *Smith*, 129 F.3d at 361. In addition, "if the second-filed court invokes the rule, the court can either stay the second-filed action pending the outcome of the first-filed suit or transfer the second-filed action to the court of the first-filed action." *Fuller*, 370 F.Supp.2d at 689.

It is true that the *Pecover* action was the first filed. Of course, the claims brought pursuant to Tennessee law were dismissed due to lack of standing. The attempts to amend the complaint and add a Tennessee representative also failed. Instead, the California court certified a nationwide class of plaintiffs, which would include Cribb and Hubbard, and ruled that California law applies. It is also true that when *Hubbard* was filed on September 4, 2009, no other action pursuant to Tennessee law was still pending; however, the motion to amend had not been ruled upon. In regards to the second factor, the parties are substantially similar. The defendant, EA, is the same in both actions. These classes are nearly identical, for they both include Tennessee consumers who purchased the relevant products from EA for essentially the same time periods. As to the third factor, the cases involve similar issues and claims. Although the *Pecover* action is pursuant to California law, and this action is pursuant to Tennessee law, there is substantial overlap in the issues. Again, they need not be identical, merely substantially similar. The three factors weigh in favor of the first-to-file rule.

That does not end the inquiry, however, because the Court now considers whether equity warrants dispensing with the rule in this case. "District courts always [have] discretion given

-8-

Case 2:09-cv-00233-JRG-DHI   Document 51   Filed 08/05/11   Page 8 of 9   PageID #: 1003

appropriate circumstances justifying departure from the first filed rule" to decline to follow the rule in a case involving "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *Plating Resources*, 47 F.Supp.2d at 903 n. 5. Here, the extraordinary circumstance is that all the lawyers and the parties are involved in both suits. The purpose of the rule is judicial efficiency. The *Pecover* suit has advanced well beyond this suit. However, it still would be inefficient to stay this action, for letting the suit remain pending without advancing this case just clogs this Court's docket and does not serve the parties' interests pursuant to Tennessee law. Because of the similarity of the suits, and especially because the same lawyers are involved, it would be more efficient to charge the lawyers with recognizing when duplication has occurred and to avoid it in both suits. This Court assumes that the lawyers will uphold their ethical obligations to both courts and to their clients in avoiding duplication so that efficiency can be achieved.

Even in following the first-to-file rule, this Court "may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit." *Smith*, 129 F.3d at 361. Considering the special circumstances of these two cases, in this Court's discretion, the motion to transfer or stay is **DENIED**. It would be more efficient, in light of these unusual circumstances, if both cases proceeded at the same time.

### III. CONCLUSION

For the reasons set forth above, Cribb's motion is **GRANTED IN PART AND DENIED IN PART**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE